IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA ALICIA GARCIA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. EP-13-CV-75-RFC |
| | ) | (by consent) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge; the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner), denying her claims for disability insurance benefits under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be affirmed.

## BACKGROUND

Plaintiff was born on June 23, 1948, and was age sixty-three at the time of the administrative decision in this case. (R:127)[1] She has past relevant work experience as a secretary. (R:154) She has only a sixth grade education, which she received in Mexico. (R:25)

---

[1] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the transcript of the record of administrative proceedings filed in this case, (Doc. 12), is designated by "(R:[page number(s)])".

## PROCEDURAL HISTORY

On October 30, 2009, Plaintiff filed an application for disability insurance benefits, alleging impairments that became disabling on October 26, 2009. (R:127-134) The application was denied initially and on reconsideration. (R:41-42, 51-54) Plaintiff filed a request for a hearing, which was conducted on January 25, 2012. (R:21-40) Plaintiff testified at the hearing. (R:26-37) A vocational expert was present and testified. (R:37-39) The Administrative law Judge ("ALJ") issued her decision on February 10, 2012, denying benefits. (R:10-16) Plaintiff's request for review was denied by the Appeals Council on January 17, 2013. (R:1-4)

On March 14, 2013, Plaintiff initiated this action for judicial review by filing her complaint. (Doc. 1) Plaintiff's motion to proceed *in forma pauperis* was granted and the complaint filed. (Doc. 5) The Commissioner filed an answer and a certified copy of the transcript of the administrative proceeding on May 20, 2013. (Docs. 10, 12) On June 20, 2013, Plaintiff filed her brief in support of her complaint. (Doc. 16) On July 22, 2013, the Commissioner filed her brief in support of the decision to deny benefits. (Doc. 20)

## ISSUES

Plaintiff claims that the record does not contain substantial evidence to support the ALJ's finding that Plaintiff is not disabled and that the ALJ's decision is the result of legal error. (Doc. 16: 2, 5) Plaintiff argues that the ALJ erroneously excluded limitations from Plaintiff's obesity in her RFC finding, (*Id.* at 3), and that the ALJ erroneously concluded that she could perform all the requisites of sedentary work. (*Id.* at 4) She also argues that legal error resulted from the failure to move to step 5 of the sequential evaluation, where the grid rules would have resulted in a finding of disability. (*Id.* at 5)

Plaintiff requests that the ALJ's decision be reversed and the cause remanded for an award of benefits or, in the alternative, additional administrative proceedings. (*Id*. at 5)

## DISCUSSION

### A.    *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, the Court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial-evidence standard, the court must carefully examine the entire record, but may not re-weigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.

1988).  Conflicts in the evidence are for the Commissioner, and not the courts, to resolve.  *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**B.     *Evaluation Process***

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  A person's residual functional capacity ("RFC") is what she can still do despite her limitations or impairments.  20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).  The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

## C. The ALJ's Decision

First, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 26, 2009. (R:12) Plaintiff met the insured status requirements of the Social Security Act through March 31, 2014. (*Id.*)

In the second step, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, and morbid obesity. (R:12) The ALJ found that Plaintiff had non-severe impairments of hypertension and chronic obstructive pulmonary disease (COPD). (*Id.*)

At the third step, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 []." (R:12-13)

Next, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 CFR 404.1567(a), except she must avoid hazardous conditions. (R:13) She can occasionally lift and carry 20 pounds, and 10 pounds frequently. (*Id.*) She can stand, walk for up to 2 hours in an 8-hour workday, and can sit for 6 hours in an 8-hour workday. (*Id.*) At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a secretary. (R:16)

Consequently, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act, and was not entitled to disability insurance benefits. (R:16)

Finally, the ALJ stated in her decision that she carefully considered the entire record and all of the evidence. (R:13-16) Throughout her decision, the ALJ cited to the pertinent administrative regulations and policy statements. (R:10-16)

### D.    *The Parties' Positions*

In the Disability Report, Plaintiff indicated that her ability to work was limited by diabetes, high blood pressure, and breathing problems. (R:153)  She claims the ALJ failed to include all limitations of Plaintiff's impairments when determining Plaintiff's RFC. (Doc. 16:3)  Specifically, she argues that the ALJ excluded limitations resulting from Plaintiff's obesity. (Doc. 16:3)  On the basis of her testimony that she can only sit for thirty minutes to an hour at a time and that she has difficulty sitting and cannot be in one position for long periods of time, she argues that she is unable to perform the sitting requirements of sedentary work. (Doc 16:4)  Plaintiff takes issue with the fact that the ALJ determined that she can occasionally lift and carry twenty pounds. (*Id.*)  Sedentary work, she points out, involves work where can lift no more than 10 pounds at a time. (*Id.*)  Finally, Plaintiff argues that because she cannot perform all of the requirements of sedentary work, she should have been found unable to perform her past relevant work and the ALJ should have proceeded to step five of the sequential evaluation. (Doc. 16:5)  At that point, she concludes, the ALJ would have considered the Medical Vocation Guideline (grid) rules applying to sedentary work, specifically rule 201.02, which would direct a conclusion that Plaintiff was disabled. (*Id.*)  In sum, Plaintiff contends that because the burden of proof never shifted, the ALJ committed an error of law at that point. (*Id.*)

The Commissioner contends that the ALJ's decision is not the result of legal error and is substantially supported by the evidence. (Doc. 20:4)  She argues that Plaintiff's arguments regarding failure to consider obesity have no merit because in fact such consideration took place. (Doc. 20:5)  The Commissioner also argues the totality of evidence in the file-- to include the consultative examination report by Dr. Augustine O. Eleje, M.D., the opinions of the state agency medical

experts, Plaintiff's lack of associated symptoms, and Plaintiff's non-compliance with her prescribed medical treatment–all clearly show that substantial evidence supports the ALJ's RFC determination and demonstrate that there is no error of law.  (Doc. 20:5-9)

**E.**     ***The ALJ's RFC Determination is Supported by Substantial Evidence***

An individual's RFC is the most that individual can do despite her limitations.  20 C.F.R. § 404.1545.  The responsibility to determine a claimant's RFC belongs to the ALJ.  *Ripley*, 67 F.3d at 557.  In making her determination, the ALJ must consider the evidence of record and evaluate the claimant's abilities despite existing physical and mental limitations.  *See Martinez*, 64 F.3d at 176.  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.  *See* 20 C.F.R. §§ 404.1529, 404.1545.  The relative weight to be given the evidence is within the ALJ's discretion.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported by the record.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

The evidence of record abundantly supports the ALJ's determination in this case.  In a face-to-face interview conducted on 10/30/2009, K. Padilla observed that the Plaintiff had no difficulties with walking, sitting, and standing.  (R:150)  In his consultative examination (CE), Dr. Eleje concluded that Plaintiff had no limitations with sitting and handling objects and that she can hop and squat.  (R:301-302)  Dr. Frederick Cremona, M.D., the state agency medical expert, opined that Plaintiff could sit for 6 hours in an 8-hour workday.  (R:304)

Plaintiff testified under oath before the ALJ that she could pick up about 20 pounds.  (R:35) Similarly, Dr. Cremona opined that Plaintiff could occasionally lift and/or carry 20 pounds.  (R:304) As the Commissioner has pointed out, Plaintiff seems to argue that because 20 C.F.R. § 404.1567(a)

describes sedentary work as having the ability to lift no more than 10 pounds, the ALJ erred by describing Plaintiff's RFC as sedentary but finding that she had the ability to occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. (Doc 20:9) However, Plaintiff fails to point out any harm or prejudice from this discrepancy. Hence, error, if such exists, is harmless. Procedural perfection in administrative hearings is not required. Only where substantial rights of a party have been affected will there be a reversal. *Mays v. Bowen*, 837 F.2d 1362 (5th Cir. 1988). This Court will remand for further proceedings only where procedural imperfection casts doubt on the existence of substantial evidence to support the ALJ's decision of non-disability. *See Morris*, 864 F.2d at 335.

The ALJ addressed Plaintiff's severe impairment of diabetes mellitus. (R:12-15) Medical records from Providence Memorial Hospital indicate that her blood sugar issues respond well to medical management. (R:246) In fact, she was stabilized by the time she was released from the hospital. (*Id*.) The ALJ reasonably concluded that this condition was improving. (R:12-15) Impairments that are remedied or controlled by medication or treatment are not disabling. *Lovelace v. Brown*, 813 F.2d 55, 59 (5th Cir. 1987).

Although Plaintiff argues that the ALJ erroneously excluded limitations resulting from her obesity in her RFC finding, the record shows the opposite to be true. The ALJ found that Plaintiff was 5 feet one inch tall and that she weighed 270 pounds. (R:13) That put her body mass index at 51, which put her in a weight classification of obese class III and body mass index prime of 2.36. (*Id*.) The ALJ determined that Plaintiff's impairments, considered singly and in combination, did not limit Plaintiff's ability to perform basic work activities. (R:15) The final conclusion was that while Plaintiff's symptoms were exacerbated by her obesity, it was not to a level that a finding of

disabled was justified. (R:13) Thus, it is clear that such limitations were considered by the ALJ in arriving at the RFC finding.

The ALJ found Plaintiff's impairments of hypertension and chronic obstructive pulmonary disease to be non-severe in nature. (R:12) She reasoned that the evidence demonstrated that these conditions were improving because of medication, and Plaintiff failed to show any functional limitations caused by them. (*Id*.) Dr. Eleje's consultative examination report of January 10, 2010 bears out the ALJ's conclusions. (R:299) *See Lovelace,* 813 F.2d at 59.

In addition, the ALJ properly considered that the Plaintiff has consistently been non-compliant with respect to her medications and her diet. (R:14-16) She failed to comply with her diabetic requirements as noted by Providence Memorial Hospital records in August, 2008. (R:226) A month earlier, records from the same hospital indicate she had not been using her insulin for 4 days. (R:246) Medical records from San Vicente Clinic on December 28, 2009 indicate that she had not used her diabetes medicine for 3 weeks. (R:285) She did indicate that she had lost her health insurance and was unable to obtain medications. (*Id*.)

The record is replete with other instances of non-compliance with respect to both medication and diet. For example, she told the ALJ that she did not follow a diabetic diet because she hated vegetables. (R:28) Consultative examination notes from July 28, 2008 indicate that she failed to comply with her dietary and exercise regimen. (R:251)

The import of this consistent behavior stems from the fact that failure to follow prescribed treatment is an indication of non-disability. *See Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). Plaintiff provided no good reasons for her failure to follow her prescribed regimen regarding diet, exercise, and medication. Although she indicated that she had lost her health insurance,

Plaintiff at no time indicated that she could find no way to obtain treatment or medication. *See Lovelace*, 813 F.2d at 59. Thus, the ALJ was justified in her finding of non-disability on this ground also.

In arriving at her decision, the ALJ assessed Plaintiff's credibility and subjective claims regarding pain and symptoms. It was within her broad discretion to weigh the evidence and make credibility determinations. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). After evaluating the evidence along with Plaintiff's testimony at the hearing, she concluded that Plaintiff's medically determinable impairments could be expected to cause some of her alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (R:15)

Plaintiff is not entitled to relief based on the claims raised.

## CONCLUSION

The Court concludes that any deviation from the relevant legal standards was harmless and the ALJ's decision is supported by substantial evidence. Based on the foregoing, it is hereby **ORDERED** that the Commissioner's determination be **AFFIRMED.**

**SIGNED and ENTERED** on February 26, 2014.

_____
**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**